UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-00021 |
| | ) | JUDGE CAMPBELL |
| DARIAN L. SMITH | ) | |

## ORDER

Pending before the Court is a letter from the Defendant (Docket No. 47) requesting reduction of his sentence. The Defendant argues that his sentence should be reduced because two empty kilo paper wrappers were included in calculating the total amount of cocaine at sentencing. The Government has filed a Response (Docket No. 49) in which it argues that there is not a legal basis upon which to grant the Defendant's request.

The Defendant pled guilty to possessing 500 grams or more of cocaine with intent to distribute on April 12, 2010 pursuant to a Rule 11(c)(1)(B) and (C) Plea Agreement in which the parties agreed to a sentence of 70 months of imprisonment. (Docket Nos. 29, 30). The Defendant also agreed that he possessed and distributed the two kilograms of cocaine that had been in the empty kilo paper wrappers. (Docket No. 30, at ¶ 10(b)). The Court subsequently sentenced the Defendant, on September 1, 2010, to a sentence of 70 months. (Docket Nos. 40, 41, 42).

A district court has the authority to alter a sentence only in certain narrow circumstances: (1) to apply a Sentencing Guideline made retroactive; (2) to correct a sentence upon remand from a higher court; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a "clear error" within seven days after imposition of

sentence, Fed.R.Crim.P. 35(a); and (5) to correct a clerical error at any time, Fed.R.Crim.P. 36. United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004); United States v. Malcolm, 114 F.3d 1190 [Table], 1997 WL 311416 (6th Cir. June 11, 1997). This case does not fall within any of these categories. Accordingly, the request is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE